NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TERRELL JONES, *Appellant.*

No. 1 CA-CR 19-0321

FILED 6-18-2020

Appeal from the Superior Court in Maricopa County
No.  CR 2013-444153-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

Terrell Jones, San Luis
*Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**C A M P B E L L**, Judge:

¶1		Terrell Jones appeals from his convictions and sentences for multiple drug and weapon offenses. After searching the record on appeal and finding no arguable question of law, Jones' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. Jones was given the opportunity to file a supplemental brief and has done so. Having reviewed the entire record and considered the supplemental brief, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), we find no reversible error and affirm.

### BACKGROUND

¶2		An officer went to Jones' apartment in search of another man, Frank Mosley. While knocking and announcing his presence at the door, the officer noticed a "strong odor of marijuana" emanating from Jones' apartment. After approximately ten minutes, Jones opened the door and the marijuana smell became much stronger.

¶3		During a subsequent search of Jones' apartment, the officer found more than $5,000 cash inside a jacket pocket, a baggie containing a green, leafy substance inside a pair of shoes, and three handguns and numerous baggies containing a green, leafy substance inside a nylon bag wedged behind a refrigerator. The officer also found a cellular phone. After Jones provided the passcode, the officer scanned the photographs stored on the phone and found several pictures of Jones with the firearms found in the apartment.

¶4		When questioned,[1] Jones admitted possessing the marijuana and guns. He also admitted selling marijuana and acknowledged that as a convicted felon, he knew he could not lawfully possess a handgun.

---

[1]		Before questioning Jones, at both his apartment and a police station, officers advised him of his *Miranda* rights.

¶5　　　　The State charged Jones with possession of marijuana for sale, possession of drug paraphernalia, and three counts of misconduct involving weapons. The State also alleged aggravating circumstances and that Jones had historical prior felony convictions.

¶6　　　　At a bifurcated trial (phase 1 - drug charges; phase 2 - weapons charges), the parties stipulated that the green, leafy substance seized from multiple containers inside Jones' apartment amounted to 183.02 grams of marijuana. Based on the packaging and amount of drugs seized, the presence of large quantities of cash and multiple firearms, and the content of numerous drug-related text messages retrieved from Jones' phone, a detective opined that Jones possessed the drugs for sale. In addition, a fingerprint analyst testified that Jones' fingerprints matched those contained on conviction records from California and Arizona.

¶7　　　　After a four-day trial, a jury found Jones guilty as charged. The jury also found two aggravating factors for the drug offenses. At sentencing,[2] Jones admitted having four prior felony convictions and the superior court sentenced him as a category-three offender to concurrent terms of imprisonment (totaling 11.5 years), with 180 days of presentence incarceration credit.[3] Jones timely appealed.

¶8　　　　In his pro per supplemental brief, Jones contends that the search of his apartment was unconstitutional and therefore the evidence seized during the search was inadmissible. Specifically, Jones asserts that: (1) law enforcement officers lacked legal authority to enter his home once Mosley was taken into custody; (2) Mosley did not reside at his apartment; (3) the limited exceptions to the warrant requirement for protective sweeps and searches incident to arrest (Mosley) did not authorize a full search of his apartment; (4) the odor of marijuana does not provide a legal justification for searching the home of a registered medical marijuana user; and (5) he never consented to a search of his cellular phone.

¶9　　　　During a settlement conference, the superior court asked the prosecutor to explain the legal basis for the police search of Jones' apartment. The prosecutor responded that about a month before the search, Mosley informed his probation officer that he resided at Jones' apartment. When the probation officer, accompanied by a police officer, went to Jones'

---

[2]　　　Because Jones absconded after the second day of trial, sentencing was delayed approximately three years.

[3]　　　At the same time, the superior court also sentenced Jones for two unrelated offenses under a separate cause number.

apartment to check on Mosley, they smelled marijuana and conducted a "probation search" on that basis. Given the strong marijuana smell, the prosecutor also argued the search was lawful, independent of the probation check. In response, Jones denied that Mosley resided at his apartment. He also asserted that he had a medical marijuana card that prevented a search of his apartment based solely on the odor of marijuana.

¶10        Although he challenged the validity of the police search at the settlement conference, Jones did not move to suppress the evidence seized from his apartment or otherwise object to its admissibility at trial. By failing to do so, Jones waived all but fundamental error review. *See State v. Newell*, 212 Ariz. 389, 398, ¶ 34 (2006); *State v. Tison*, 129 Ariz. 526, 535 (1981) ("Issues concerning the suppression of evidence which were not raised in the trial court are waived on appeal.").

¶11        Fundamental error is error going to the foundation of the case, error that takes from the defendant a right essential to his or her defense, or error of such magnitude that the defendant could not possibly have received a fair trial. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Under fundamental error review, the defendant bears the burden of demonstrating both error and resulting prejudice. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

¶12        Because Jones never moved to suppress the evidence, the State never presented evidence to prove the search and seizure were legal. Instead, at trial, the police officer simply testified that he conducted a "lawful search" and explained that Jones gave him the passcode for the cellular phone. In response to Jones' challenge at the settlement hearing, the prosecutor stated he would respond to a motion to suppress by having Mosley's probation officer testify that Mosley identified Jones' apartment as his residence. At this stage, it is unknown what additional evidence the State may have presented to prove the legality of the search had Jones filed a motion to suppress. On this record, Jones has not shown that the superior court erred, much less committed fundamental, prejudicial error, by admitting the evidence seized from his apartment.

¶13        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Jones was represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal

Procedure and Jones' constitutional and statutory rights. Therefore, we affirm Jones' convictions and sentences.

¶14 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Jones of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Jones has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA